IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| CAROLYN E. CLINE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-04073-CV-C-SWH |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

ORDER

Pending before the Courts is plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act, or Alternatively, Pursuant to 42 U.S.C. § 406(b). (Doc. #30) Plaintiff seeks approval for attorney fees under the Equal Access to Justice Act (EAJA) in the amount of $9,898.52 which represents 53.7 hours of attorney time at the rate of $184.33 per hour. (Doc. #31) Defendant does not object to the payment of EAJA fees or the hourly rate, but claims that the total number of hours for which compensation is sought is excessive. (Doc. #32 at 1) Defendant requests that the Court reduce plaintiff's fees by 16.75 hours to 36.95 hours of attorney time which defendant claims would compensate counsel for 20 hours of briefing time plus 16.95 hours for the reply brief, oral argument and administrative tasks. (Doc. #32 at 7)

The EAJA allows reimbursement only for reasonable attorney fees and expenses. See 28 U.S.C. § 2412(d)(2)(A). The court has discretion in determining the amount of a fee award, including the reasonableness of the hours claimed by the prevailing party. See Kawasaki v. Astrue, No. C 07-4930 PVT, 2008 WL 2774380, at *2 (N.D. Cal. July 14, 2008); Myer v. Barnhart, No. 04-4077-JAR, 2005 WL 3084898, at *1 (D. Kan. Nov. 3, 2005). See also

1

Commissioner, Immigration & Naturalization Serv. v. Jean, 496 U.S. 154, 161 (1990)(the district court determines the reasonableness of the fee under the EAJA using the standards established by Hensley v. Eckerhart, 461 U.S. 424 (1983)).

Defendant first argues that the total number of hours for which compensation is sought is excessive and that the typical number of hours spent on a disability claim under the Social Security Act is between fifteen and forty hours. (Doc. #32 at 2-3) Attached to the defendant's brief are four orders issued by other judges in this district discussing awards of attorney fees in Social Security cases.[1] The Court has reviewed those opinions. Two of the cited opinions were issued after the court began filing pleadings electronically, and thus, the Court is able to review the case files and briefs for those opinions.[2]

In Teter v. Astrue, Case No. 09-0492-CV-W-SOW, counsel sought to be reimbursed for 83 hours of work at a rate of $197.16 per hour. The court reduced the time for which fees were awarded to 34.5 hours. Plaintiff's brief in the Teter case was eleven pages long and the "Discussion" section did not set out any headings as to the issues being addressed.[3] Likewise, in Blakey v. Apfel, Case No. 99-3181-CV-S-2-SSA-ECF, the court reduced the hours for which EAJA payments would be made from 30.75 to 15.375 hours. A review of the brief in that case reflects that excluding the cover and titles pages and the certificate of service, the brief itself was only four and one-half pages long.

---

[1] The attached orders are from Fritsche v. Apfel, Case No. 99-0623-CV-W-SOW-SSA; Teter v. Astrue, Case No. 09-0492-CV-W-SOW; Blakey v. Apfel, Case No. 99-3181-CV-S-2-SSA-ECF; and Brewer v. Apfel, Case No. 99-0202-CV-W-DW.

[2] Two of the prior opinions, Fritsche v. Apfel, Case No. 99-0623-CV-W-SOW-SSA, and Brewer v. Apfel, Case No. 99-0202-CV-W-DW, were decided before pleadings were filed in the CM/ECF system. Thus, the case files connected to these opinions were unavailable for review.

[3] It appears that the argument in Teter centered around the failure of the ALJ to consider the treating doctor's revised opinion, submitted to the Appeals Council after the ALJ hearing.

Defendant also cites the court's decision in Thomas v. Astrue, No. 10-1255-CV-W-FJG, 2012 WL 1564291 (W.D. Mo. Apr. 25, 2012), as being instructive given the court's reduction of the attorney fee award from $5,500.00 (37.25 attorney hours) to $3,289.55 (18.625 attorney hours). A review of that case reflects that plaintiff's counsel initially sought an attorney fee award of $6,579.10. (Doc. #16) After conferring, counsel for plaintiff and defendant agreed to an award under the EAJA in the amount of $5,500.00. (Doc. #17) Despite the agreement of counsel for the Commissioner that this award was reasonable, the court reduced the award further, finding in part that the brief was only twenty-one pages in length and included a substantial amount of "boilerplate" law. (Doc. #18 at 4)

While defendant contends that the four arguments raised by counsel for plaintiff Cline are not novel or unique, plaintiff's counsel did not merely cite the case law and regulations, but instead refers to the specific pages in the transcript which provide the factual support for each argument raised. Plaintiff's brief is 35 pages long with 49 footnotes. It is well written and the medical evidence is summarized not simply by date but by medical impairments. In fact, defendant's brief adopted the facts set forth in the factual summary section of plaintiff's brief, except for any additions or exceptions noted in the argument portion of defendant's brief.[4] (Doc. #20 at 2) A comparison of the often perfunctory briefing in other cases from this district, such as Teter, Blakey and Thomas, with the exhaustive analysis presented by plaintiff's counsel in this case suggests that plaintiff's request is not unreasonable or excessive. Accordingly, it is

---

[4]In the Teter case cited by defendant, the plaintiff's brief failed to fully summarize the administrative record, thereby requiring the defendant to spend a portion of the brief setting forth the medical evidence of record. (See Case No. 09-0492-CV-W-SOW, doc. #16 at 2-8) Likewise, in Thomas v. Astrue, the Commissioner's brief contained a section setting forth additional facts to supplement those contained in the plaintiff's brief. (See Case No. 10-1255-CV-W-FJG, doc. #13 at 2-5)

3

ORDERED that plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act, or Alternatively, Pursuant to 42 U.S.C. § 406(b), doc. #30, is granted in part and denied in part. Fees in the amount of $9,898.52, representing 53.7 hours of attorney time at the rate of $184.33 per hour, are awarded pursuant to the EAJA. Plaintiff's alternative request for fees pursuant to 42 U.S.C. § 406(b) is denied without prejudice to counsel's right to renew this request if past due benefits are awarded.

        */s/ Sarah W. Hays*
        SARAH W. HAYS
        UNITED STATES MAGISTRATE JUDGE

4

Case 2:13-cv-04073-SWH   Document 36   Filed 03/18/15   Page 4 of 4